UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00349-FDW

| | |
|---|---|
| JAMES MAHNKEN, ) <br> ) <br> Claimant, ) <br> ) <br> vs. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY[1], ) <br> ) <br> Defendant. ) <br> ) | ORDER |

THIS MATTER is before the Court on the following motions: (1) Claimant James Mahnken's Motion for Summary Judgment, (Doc. No. 12), filed on March 15, 2022; and (2) Acting Commissioner of Social Security Kilolo Kijakazi's (the "**Commissioner**") Motion for Summary Judgment, (Doc. No. 16), filed on May 16, 2022. In his motion, Claimant seeks judicial review of an unfavorable administrative decision of his application for Supplemental Social Security Income ("**SSI**") payments and Disability Insurance Benefits ("**DIB**") pursuant to 42 U.S.C. § 405(g). The motions are now ripe for review. For the reasons set forth below, Claimant's Motion for Summary Judgment is GRANTED in part; the Commissioner's Motion for Summary Judgment is DENIED; and the ALJ's determination is VACATED and REMANDED to the Commissioner for further proceedings consistent with this ORDER.

**I. BACKGROUND**

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

On April 8, 2019, Claimant filed an application for Title II disability benefits and Title XVI SSI benefits for a disability with an alleged onset date of February 1, 2019. (Doc. No. 10-1, p. 35). After the Social Security Administration ("**SSA**") denied Claimant's application at the initial and reconsideration levels of review, Claimant requested a hearing. Id. Claimant's initial hearing took place on October 6, 2020. Id. On January 7, 2022, the Administrative Law Judge ("**ALJ**") decided Claimant was not disabled within the meaning of the Act from February 1, 2019, through the date of the decision. Id. at 46.

In particular, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since February 1, 2019, and at step two that Claimant had the following severe impairments: depression, anxiety, and bipolar disorders. Id. at 38. At step three the ALJ found Claimant had "moderate limitations" in "understanding, remembering, or applying information," "interacting with others," "concentrating, persisting or maintaining pace," and "adapting or managing oneself." Id. at 39-40. The ALJ concluded these mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, and none of Claimant's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments in 20 C.F.R. 404, Subpt. P., App. 1. Id. Before proceeding to step four, the ALJ found Claimant had the RFC to perform a full range of work at all exertional levels but with the following non exertional limitations:

> The claimant is limited to unskilled work, defined as simple, routine, repetitive tasks with no more than a one to three step work process in a non-production paced work environment with occasional interaction with the public and other employees. The claimant can occasionally bend, stoop, squat, crouch, crawl, and balance.

Id. at 40.

Based on this RFC, the ALJ found Claimant could not perform his past relevant work as a product line assembler, construction laborer, or landscape laborer. Id. at 44-45. At step five, considering the Claimant's age, education, work experience, and RFC, the ALJ found jobs Claimant could perform existed in significant numbers in the national economy. Id. at 45-46. Specifically, the ALJ found the jobs of linen room attendant, crate liner, and battery stacker would be appropriate for Claimant. Id. Thus, the ALJ decided Claimant was not disabled within the meaning of the Act from February 2, 2018, through the date of the decision. Id. On May 19, 2021, the Appeals Council denied Claimant's request for review, making the ALJ's January 2021 decision the Commissioner's final decision. Id. at 5. Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of Social Security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [ALJ] if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179-80 (4th Cir. 2016). If the Commissioner meets her burden in step five, the claimant is deemed not disabled and the benefits application is denied. Lewis, 858 F.3d at 862.

### III.    ANALYSIS

On appeal, Claimant makes two assignments of error.  First, Claimant argues the ALJ did not account for Claimant's moderate limitations in interacting with others or in concentrating, persisting, and maintaining pace; nor did he explain their omission.  (Doc. No. 13, pp. 9-10). Second, Claimant asserts the ALJ improperly decided Claimant can perform other work that exists in a significant number in the national economy.  (Doc. No. 13, p. 16).  For the reasons stated below, this Court finds remand is appropriate for Claimant's second assignment of error, and in the interest of judicial efficiency, declines to address Claimant's other assignment of error herein.

Claimant argues the ALJ erred in concluding Claimant can perform work that exists in significant numbers in the national economy because the ALJ did not resolve the apparent conflict between the Dictionary of Occupational Titles ("**DOT**") and the testimony of the Vocational Expert ("**VE**"). Id.  The Court agrees.  Specifically, Claimant contends: (1) there is an unresolved apparent conflict between the DOT and VE testimony that Claimant could do work requiring level two or three reasoning, and (2) there is an unresolved apparent conflict between the DOT and VE testimony that Claimant could do work requiring the use of a conveyor belt. Id. at 16-27.  As previously noted, at step five, the Commissioner has the burden to prove, by a preponderance of the evidence, that the claimant can "perform other work that 'exists in significant numbers in the national economy,' considering the claimant's [RFC], age, education, and work experience." Mascio v. Colvin, 780 F.3d 632, 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). It is well settled that the ALJ has an affirmative duty to identify conflicts between an expert's testimony and the DOT. Pearson, 810 F.3d at 209; see also Prochaska v. Barnhart, 454 F.3d 731, 735 (7th Cir. 2006) (noting a claimant is not required to address an apparent conflict

during the hearing, as this burden is solely on the ALJ). The Fourth Circuit has further clarified, "[A]n ALJ has not fulfilled his affirmative duty merely because the [VE] responds 'yes' when asked if her testimony is consistent with the DOT." Pearson, 810 F.3d at 208 (cleaned up). If such a conflict arises, substantial evidence supporting the ALJ's decision must be elicited through an explanation that is "reasonable and provides a basis for relying on the testimony." Id. at 210.

Claimant first contends the ALJ erred in concluding Claimant could work as a linen room attendant or crate liner because the GED reasoning requirements for these jobs conflict with Claimant's RFC. (Doc. 13, pp. 17-18). In Thomas v. Berryhill, the Fourth Circuit held a claimant whose RFC limits them to jobs involving only "short, simple instructions" created an apparent conflict with jobs requiring "detailed but uninvolved written or oral instructions," such as those involved in GED level two reasoning. 916 F.3d 307, 311, 314 (2019). As GED level three reasoning is a higher level of reasoning development, it follows that there would also be an apparent conflict between a claimant whose RFC limits them to jobs involving only "short, simple instructions" and jobs requiring GED level three reasoning. See id. In Lawrence v. Saul, the Fourth Circuit clarified that there is a meaningful distinction between a restriction to "short, simple instructions" and a restriction to "simple, routine, repetitive tasks"—because even if "tasks" and "instructions" are considered synonymous, the absence of "short" is dispositive because "short" is inherently inconsistent with "detailed." 941 F.3d 140, 143 (2019) (holding that there was not an apparent conflict between a claimant whose RFC limited her to jobs involving "simple, routine, repetitive tasks" and a job with GED reasoning level two).

Here, the ALJ determined Claimant's RFC was limited to jobs involving only "unskilled work, defined as simple, routine, repetitive tasks with no more than a one to three step work

6

process . . . ." (Doc. 10-1, p. 40). Per the DOT, a job as a linen room attendant requires GED level three reasoning and a job as a crate liner requires GED level two reasoning. DOT No. 222.387-030; DOT No. 920.687-078. Level two and level three reasoning are inconsistent with Claimant's RFC in this case because a restriction to "one to three step work process[es]" is plainly a description of "short" instructions, and thus is inconsistent with the "detailed" instructions required by GED reasoning level two. See Dellinger v. Berryhill, No. 3:17-CV-00676, 2019 WL 1325929 (W.D.N.C. Mar. 25, 2019) (holding that there is an apparent conflict between a claimant's RFC restriction to one to three step instructions and GED reasoning level two, but not between such a restriction and GED reasoning level one). Therefore, the Court agrees there is an apparent conflict between the jobs of linen room attendant and crate liner and Claimant's RFC.

Claimant also contends the ALJ erred in concluding Claimant could work as a battery stacker, which requires GED level one reasoning, because there is an apparent conflict between the DOT description of this job and Claimant's RFC limitation to work done "in a non-production paced work environment." (Doc. No. 10-1, p. 40). In Martinez v. Berryhill, this Court held that there is "an apparent conflict, albeit a tenuous one . . . [between a job] which requires [claimant] to work by placing materials on a conveyor belt, and . . . [an RFC limitation] that [claimant] not work at a production-rate pace." No. 3:17-CV-186, 2018 WL 709971 at *4 (W.D.N.C. Feb. 5, 2018). The DOT defines a battery stacker as an individual who "[l]oads batteries from conveyor or handtruck to two-level (double decker) trucks, according to specified polarity arrangement, preparatory to further processing, such as forming or charging." DOT No. 727.687-030. The Commissioner contends, based on the DOT definition, there may be some battery stacker jobs, which are still available in significant numbers in the national economy, where the claimant would

only be required to load batteries from a handtruck—not from a conveyor. (Doc. No. 17, p. 13). However, as the burdened party, the Commissioner's conjecture that some such battery stacker jobs may exist fails to prove by a preponderance of the evidence that such battery stacker jobs both do not present an apparent conflict with the claimant's requirement to work at a non-production pace and exist in significant numbers in the national economy.

The ALJ accordingly erred by not addressing the apparent conflict between the VE's testimony and the Claimant's RFC. Due to this error, it is unclear whether Claimant "can perform other work that 'exists in significant numbers in the national economy,' considering [Claimant's] residual functional capacity, age, education, and work experience." Mascio, 780 F.3d at 635 (quoting C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429); see also Hays, 907 F.2d at 1458. Remand for further development of this issue is therefore necessary. Pearson, 810 F.3d at 211; see also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (noting that where an ALJ's analysis is devoid of complete reasoning, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)). Accordingly, the Court remands to allow the ALJ to resolve the apparent conflict in accordance with this Order and the Administration's regulations.

## IV. CONCLUSION

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Claimant's application for disability benefits nor does the Court express any opinion as to his other assignment of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's

decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the other assignments of error in dicta here,[2] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IT IS THEREFORE ORDERED that Claimant's Motion for Summary Judgment, (Doc. No. 12), is GRANTED in part; the Commissioner's Motion for Summary Judgment, (Doc. No. 16), is DENIED; and the ALJ's determination is VACATED and REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: September 27, 2022

Frank D. Whitney
United States District Judge

---

[2] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).