UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00349-FDW

| | |
|---|---|
| JAMES MAHNKEN, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees, (Doc. No. 21), which the Commissioner opposes, (Doc. No. 25). Plaintiff replied in support of its motion, (Doc. No. 26), and this matter is now ripe for ruling. Plaintiff filed the instant motion pursuant to the Equal Access to Justice Act ("EAJA") seeking payment of $7,624.57 in attorney's fees for 33.10 hours of work by two attorneys in this matter. The Commissioner opposes the request for attorney's fees and argues: 1) the request for attorney's fees should be denied because the Commissioner was substantially justified in its position to this Court, or 2) in the alternative, the number of hours requested by Plaintiff are excessive and warrants reduction. For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $5,090.74 in fees.

**I. STANDARD OF REVIEW**

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28

1

U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within 30 days of final judgment. Id. (citing 28 U.S.C. § 2412).

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002); (quoting INS v. Jean, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Id. at 434 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. Hyatt, 315 F.3d at 254 (quoting Jean, 496 U.S. at 163).

## II. ANALYSIS

Here, it is undisputed that Plaintiff is the "prevailing party" under the EAJA because this Court vacated the Commissioner of Social Security's final decision and remanded Mahnken's case back to the agency for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 301–02 (1993). There is, however, a dispute over whether the Commissioner's litigation and prelitigation positions were substantially justified.

**A. Substantial justification for the Commissioner's litigation and prelitigation positions**

The Commissioner has the burden of showing that her position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013). Substantial justification does not require the Commissioner's position to be correct, but such a position may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). A claim for attorneys' fees may be defeated by the Commissioner by showing that her position had a reasonable basis in both law and fact. Id. at 565–66.

To determine whether the Commissioner's position in a case was substantially justified, the Court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [Commissioner] acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). In making this determination, "it is appropriate to consider the reasonable overall objectives of the [Commissioner] and the extent to which [her position] departed from them." Id.

Plaintiff here alleges the Commissioner's position was not substantially justified, not by citing a particular issue in the Commissioner's conduct or argument, but rather by arguing that the burden of proof is on the Commissioner to show that the Commissioner's position was justified. Commissioner replies that her position was substantially justified because the Commissioner's decision to defend the ALJ's decision was fully consistent with her regulations. Plaintiff rejoins that the Commissioner has not alleged that *all* her positions, in the underlying administrative proceedings and in all stages of the court review, were substantially justified.

This Court declines to find the Commissioner's position was substantially justified in both law and fact; moreover, there are no circumstances that would make an award of attorney's fees

3

unjust. Therefore, the Court will turn to the alternative argument made by the Commissioner which alleges the requested attorney's fees are unreasonable and excessive.

**B. Plaintiff's requested attorney's fees**

Plaintiff seeks a total award of $7,624.57 for 33.1 hours worked. Commissioner concedes Plaintiff is the prevailing party but argues the hours worked by Plaintiff's counsel is excessive and asks for a reduction of the total fee awarded to $5,321.07. Commissioner's proposed reduction works out to an average hourly rate of $230.35, the same hourly rate that Plaintiff has requested. Because the parties have agreed to essentially the same hourly rate and the Court does not wish to contest the proposed hourly rate, the Court must only decide if the number of hour requested is unreasonable and excessive. The Court finds the total hours requested to be unreasonable and excessive and will accordingly impose an 11-hour reduction, awarding a total fee of $5,090.74.

First, Commissioner argues that attorney Laura Beth Waller's billing of 8.5 hours to review the ALJ's decisions, hearing transcripts, medical evidence, and A-E exhibits is excessive given the relatively short 481-page administrative record. (Doc. No. 25, p. 9). Of those 481 pages, 16 pages are the ALJ's decision, 26 pages are the hearing transcript, 159 pages are the exhibits, and 213 pages are the medical record. (Id.) at 10. This Court has seen administrative records that can exceed 1800 pages. See Marler v. Saul, No. 3:20-CV-00035-KDB, 2021 WL 2652949 (W.D.N.C. June 28, 2021) (noting that a record of 1810 pages is not unusual in Social Security cases). It is also well established that this Court and sister courts find the billing of 20 to 40 total hours to be an acceptable range for most social security cases. See, e.g., Lewis v. Saul, 2020 WL 3259395, at *3-*4 (D.S.C. June 16, 2020) (reducing hours worked from 46 to 35); Gibson v. Colvin, 2015 WL 728251, at *2 (E.D.N.C. Feb. 19, 2015) (finding 46.3 hours compensable where administrative

4

record exceeded 1,000 pages); Brandon v. Colvin, 2015 WL 728225, at *2 (E.D.N.C. Feb. 19, 2015) (finding 23.5 hours compensable); Harlan v. Colvin,. 2014 WL 1632931, at *2-3 (W.D.N.C. Apr. 23, 2014) (finding 32 hours compensable); Gibby v. Astrue, 2012 WL 3155624, at *5 (W.D.N.C. Aug. 2, 2012) (recognizing 20-to-40-hour convention); Dixon v. Astrue, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008) (finding 25.23 hours of attorney time compensable). With roughly 1800 pages being near the top end of the spectrum, and a few hundred pages near the bottom, the length of the administrative record, in this case, certainly falls closer to the bottom. The court in Marler found that 17.75 hours of review was appropriate for the 1800-page file. 2021 WL 2652949, at *1. Therefore, the requested 8.5 hours to review this record of 481 pages is not proportional for the relatively short length of the administrative record in the context of prior decisions made by this Court; 8.5 hours is almost half of the time spent for the 1810-page record.

This Court, thus, agrees with Commissioner that spending 8.5 hours to review the record of a short, uncomplicated, and frankly routine matter is excessive, particularly for an attorney with more than 12 years of experience in practicing Social Security law. Because this Court has found that 17.75 hours is acceptable for an 1810-page record, this Court will grant a proportional 3-hour reduction to 5.5 hours for this 481-page record.

Second, the Court finds a general reduction in hours is warranted given the extensive experience of Plaintiff's attorneys. Plaintiff's attorneys have approximately 40 years of combined experience focusing on Social Security disability benefits. Commissioner contends that Plaintiff's brief was neither new nor novel and the two main areas of contention involved commonly litigated articulation issues. The Court agrees with Commissioner's contention that the areas of the ALJ's consideration of the residual functional capacity and a conflict between the vocational expert's

testimony are commonly litigated articulation issues. Commissioner further contends that Plaintiff's assignments of errors were analyzed in 9 subparts, which mainly consisted of boilerplate language and simple short paragraphs that was sparce on analysis. Furthermore, the reply brief restated the exact same arguments that were raised in the opening brief. Attorneys with such experience in legal writing and in the field of Social Security Disability should have been able to review the administrative record, produce a well-written opening brief (which addresses a commonly litigated issue), and draft a repetitive reply brief in under 33.1 hours. See Trim v. Astrue, No. 2:09-cv-30, 2012 WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012) (finding that 30 hours was an "excessive amount of time to be spent" in the preparation of the summary judgment brief, including time spent reviewing the record and performing legal research); Gibby, 2012 WL 3155624 at *6 ("[A]n attorney experienced in this field should have been able to review the administrative record and produce a brief in a case such as this one within twenty-five hours."). Therefore, the Court will reduce the total hours awarded to Plaintiff by another 5 hours on the basis of Plaintiff's counsel's experience in Social Security law.

Third, the Court is going to make additional reductions in time that Commissioner did not request. Here, counsel spent 17.3 hours drafting a 24-page brief. Specifically, counsel spent 6 hours researching and drafting the DOT/VW argument on March 10, 2022, and March 11, 2022. The DOT/VW argument is 10.5 pages with six subparts and contains mostly boilerplate and reused legal landscape language. The Court concludes that 6 hours is excessive considering that the legal arguments were not new or novel, and it is evident that much of the language is reused and boilerplate. Thus, a reduction of 2 hours is appropriate for this work.

6

Counsel also billed 2.9 hours to "[d]raft procedural history and summary of the case" on March 10, 2022, which was a 2.5-page section of the brief. This calculation works out to a rate of more than 1 hour of work per page of writing, or roughly 500 words in total. For an attorney with this much experience working Social Security cases, this is clearly excessive. The Court reduces this entry by 1 hour. This means that the total additional reduction of time will be 3 hours for the drafting of the DOT/VW argument and the drafting of the procedural history and summary of the case.

Finally, the Court takes note that Plaintiff's counsel has demonstrated a history of excessive and unreasonable over-billing on EAJA actions where courts reduced his fees. See McKinney v. Kijakazi, No. 320CV00278KDBDCK, 2022 WL 17342880 (W.D.N.C. Nov. 30, 2022) (reducing Mr. Piemonte's award by 13.25 hours from 53.20 hours to 39.95 hours); Hooper v. Saul, No. 3:20-CV-00074-FDW, 2021 WL 2188240 (W.D.N.C. May 28, 2021) (reducing Mr. Piemonte's award by 16.67 hours from 49.97 hours to 32.8 hours); Johnson v. Saul, No. 5:18-CV-00152-FDW, 2020 WL 6065308 (W.D.N.C. Oct. 14, 2020) (reducing Mr. Piemonte's award by 17 hours from 44.31 hours to 27.31 hours); Bailey v. Saul, No. 1:18-CV-00371-FDW, 2020 WL 5899098 (W.D.N.C. Oct. 5, 2020) (reducing Mr. Piemonte's award by 16 hours from 61.75 hours to 45.75 hours); Ashcraft v. Berryhill, No. 313CV00417RLVDCK, 2017 WL 2273155 (W.D.N.C. May 24, 2017) (reducing Mr. Piemonte's award by 20.15 hours from 37.85 hours to 17.7 hours).

For the foregoing reasons, the Court will impose a total reduction of 11 hours to result in a total of 22.1 hours.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion (Doc. No. 21) is GRANTED IN PART and DENIED IN PART. In the exercise of its discretion, the Court reduces Plaintiff's requested award by 11 hours and awards 22.1 hours of work, compensated at an average hourly rate of $230.35, totaling $5,090.74.

IT IS SO ORDERED.

Signed: July 25, 2023

Frank D. Whitney
United States District Judge